IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Debbie Lou Pahoundis Beamer, *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:07-cv-00067 |
| v. | : | Judge Marbley |
| Board of Coshocton County Commissioners, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendants | | |
| | : | |

## ORDER

Plaintiffs bring this civil rights action under 42 U.S.C. §1983. This matter is before the Court on plaintiffs' objections to the Magistrate Judge's March 6, 2007 Initial Screening Report and Recommendation. The Magistrate Judge concluded that the complaint fails to state claims for relief and, therefore, recommended dismissal of the complaint.

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Magistrate Judge noted, the complaint is some 70 pages long and contains more than 239 numbered paragraphs. It includes a multitude of factual allegations concerning litigation plaintiff Debbie Lou Panoundis Beamer has been involved in--civil and criminal, an alleged illegal eviction, trespass, arson, false claims of ownership of personal property, and so on. It names as defendants the Board of Coshocton County

Commissioners, Board of Crawford Township Trustees, Ohio, Coshocton County Sheriff Tim Rogers, Marcia Turner, Clerk of the Coshocton Municipal Court, George David Pahoundis, Sr., Pahoundis Family Trust, Charles Adrian Pahoundis, Marc Anson Pahoundis, Louis William Pahoundis, John Paul Pahoundis, and Allstate Insurance.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

Analysis. The Magistrate Judge concluded that the complaint fails to state a claim against any of the individual Pahoundis defendants because it does not allege that they acted under color of state law. Plaintiffs maintain that the Magistrate Judge erred when he found that plaintiffs had not alleged the individual defendants had acted under color of state law. Plaintiffs maintain that the complaint contains allegations that defendants George D. Pahoundis, the Pahoundis Family Trust, Charles Adrian Pahoundis, Marc Anson Pahoundis, Louis William Pahoundis, and John Paul Pahoundis conspired with

2

state actors to deprive plaintiffs of their constitutional rights. Plaintiffs assert that they alleged that there was a civil conspiracy or an agreement between two or more persons to injure another by unlawful action.

  To state a claim under 42 U.S.C. § 1983, the complaint must allege that the defendant (1) acted under color of state law to (2) deprive plaintiffs of a right secured by the constitution or a federal statute. *Cassady v. Tackett*, 938 F.2d 693, 695 (6th Cir. 1991). A defendant's actionable conduct is under color of state law when the defendant possessed the power to act by virtue of state law and misused that power to deprive plaintiffs of a federal right. *Id.*; *Christian v. Belcher*, 888 F.2d 410, 414 (6th Cir. 1989). Here, defendants George David Pahoundis, Sr., Pahoundis Family Trust, Charles Adrian Pahoundis, Marc Anson Pahoundis, Louis William Pahoundis, John Paul Pahoundis are private citizens who were involved in various disputes, litigation, and/or eviction proceedings with one or more of the plaintiffs. The Magistrate Judge correctly concluded that there are no allegations that would support a claim that these defendants conspired with state actors to deprive plaintiffs of a constitutional right. Mere conclusory allegations of a conspiracy are insufficient to plead a claim under § 1983. Plaintiffs must plead:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspir-

3

> atorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir.1985); *Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).

Despite plaintiff's lengthy objections, there are no such allegations. Although plaintiffs allege that defendant George D. Pahoundis hired the Coshocton Law Director, James R. Skelton to represent him on several matters, there are no allegations asserting a conspiracy between the individual defendants and the state actors. The complaint alleges that Mr. Skelton, as George D. Pahoundis's attorney and as the Coshocton County Law Director, used his influence improperly in matters relating to his official duties. Plaintiffs maintain that Mr. Skelton maliciously initiated charges against Pahoundis Beamer, delayed her medical screening and failed to distribute her medications while she was incarcerated. Plaintiffs also assert that Mr. Skelton failed to prosecute the driver responsible for the death of Pahoundis Meckley. The complaint does not allege that Mr. Skelton conspired with the individual defendants in taking these alleged actions.

Further, there are no allegations that the individual defendants exercised governmental authority in any way that effectively made them state actors. *Id.* The complaint does allege that some of the individual defendants gave false information to a court or to law enforcement, and that the court or law enforcement officers then took action that harmed plaintiffs based on that false information. Such allegations are

insufficient to state a claim under 42 U.S.C. § 1983.  *See, Roche v. Hohn Hancock Mutual Life Insurance Company*,  81 F.3d 249, 253-54 (5th Cir. 1996); *Gardner v. Bisceglia,* 1992 WL 46830 (6th Cir. March 11, 1992).

The Magistrate Judge also correctly found that Allstate Insurance is  a private entity, and the complaint does not allege that Allstate Insurance took any action to deprive plaintiffs of a constitutional or other federal right.

The complaint also alleges several Ohio law claims against the individual defendants.  Federal courts are courts of limited jurisdiction.  Absent federal question jurisdiction, the only basis for subject matter jurisdiction over state law claims is 28 U.S.C. § 1332.  However, there is no subject matter jurisdiction here over plaintiffs' Ohio law clams because all plaintiffs and all defendants are citizens of Ohio. To the extent that plaintiffs have asserted claims arising under state law against the individual defendants, they are also dismissed without prejudice.

Plaintiffs further argue that the Magistrate Judge erred by not finding that they had alleged a claim against Marcia Turner because she can be held liable for her staff's failure to properly file stamp a complaint. Under § 1983, supervisors are liable for the acts and omissions if they were in a position to prevent the constitutional injuries but failed to do so. According to plaintiffs, by holding up the complaint, Ms. Turner eliminated the possibility of obtaining a stay from the Common Pleas Judge. Instead, plaintiffs suffered damages cause by the illegal eviction and the denial of due process.

The complaint alleges that the Coshocton County Municipal Court's Clerk's Office failed to file a pleading plaintiffs tendered to the court.  There is no allegation that defendant Marcia Turner, Clerk of the Coshocton County Municipal Court, took any action to deprive plaintiffs of a constitutional right.  At most, plaintiff has alleged negligence on the part of defendant Marcia Turner.  The due process clause is not implicated by a state official's negligent act.  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

The Magistrate Judge concluded that the complaint does not allege that defendant Board of Coshocton County Commissioners took any action to deprive plaintiffs of a constitutional or other federal right.  Plaintiffs disagree. Plaintiffs allege that the county and Sheriff's department have ratified behavior violating plaintiffs' civil rights. Plaintiffs assert that the sheriffs' department performed unlawful searches of the farm by flying overhead and hovering about the farm, permitting them to view inside the garage. Plaintiffs further alleged that defendant Sheriff Tim Rogers failed to reprimand a detective for searching a mobile home without a warrant. Rogers also failed to reprimand a deputy for seizing air conditioners. According to plaintiffs, the Coshocton County Sheriff's Department failed to take Jerry D. Pahoundis's statement concerning a shooting incident involving Charles A. Pahoundis.  Plaintiffs cite a long history of misconduct and failure to investigate, going as far back as 1976.  Plaintiffs argue that the use of the word, "compound" to denote the farm has negative connotations and demonstrates that the property has been a long-time target of George

6

D. Pahoundis, his sons, the county, and Mr. Skelton for many years. Plaintiffs allege that defendants maintain a list of registered vehicles of plaintiffs, which are stopped without cause.

Plaintiffs also maintain that the County is liable for its policy, which allowed a Coshocton County Sheriff Deputy to cancel a helicopter transport to a trauma hospital for Jerry Pahoundis following an automobile accident. Rather than ensuring that Jerry Pahoundis did not move until paramedics arrived, Deputy Chris Walkers allowed him to walk around with a broken neck.

Plaintiffs further assert that on- and off-duty police officers were hired as security guards for the illegal evictions. Plaintiffs maintain that the and Coshocton County Sheriff's custom, policy, and practice of permitting county employees to participate in evictions without proof of a valid, journalized restitution/execution violate plaintiffs' due process rights.  To establish liability under §1983, a plaintiff must plead and prove that a defendant is personally responsible for the unconstitutional actions which injured him.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978).  *Respondeat superior* is not a basis for liability.  *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).  A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable events.  There is no liability under 42 U.S.C. §1983 for "mere failure to act."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The complaint does not allege that defendant Board of Coshocton County Commissioners took any action to deprive plaintiffs of a constitutional or other

federal right. The complaint does allege that the Board of Coshocton County Commissioners "are the overseers of the county departments and county employees involved in this matter . . . ." Complaint, ¶ 11. However, *respondeat superior* is not a basis for liability under § 1983. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

The Magistrate Judge also found that plaintiffs failed to allege defendant Sheriff Tim Rogers took any action to deprive plaintiffs of a constitutional right. Plaintiffs argue that Sheriff Tim Rogers was informed that he needed to act to protect the constitutional rights of plaintiffs, which were being violated by those working under him, but Rogers chose not to act. Instead, he telephoned plaintiff Pahoundis Beamer and instructed her to move her mobile home off the right-a-way, although the complaint alleges that no right-a-way exists. As previously stated, there is no liability under 42 U.S.C. §1983 for mere failure to act.

The Magistrate Judge also concluded that there are insufficient allegations that the Board of Crawford Township Trustee, Ohio took any action to deprive plaintiffs of a constitutional right. Plaintiffs maintain that they adequately alleged in paragraphs 33-36 of the complaint that the Board of Crawford Township Trustees and their attorney, County Law Director Robert Batchelor, took actions that deprived plaintiffs of their constitutional rights by depriving them of due process and seizing their property. Plaintiffs assert that the County Law Director Robert Batchelor "interfered in a civil matter concerning an alleged 'right or way,' or a civil matter involving an eviction or a

8

criminal matter involving an illegal eviction which is outside of the powers granted to a Township." Compl. ¶ 34. It is simply not clear what plaintiffs mean when they say that the Township Trustees "interfered" in a civil matter. Despite the lengthy complaint, plaintiffs have not provided the Court with sufficient allegations demonstrating the role the defendants allegedly played in the eviction and destruction of their property.

Accordingly, the Court ADOPTS the Magistrate Judge's March 6, 2007 Initial Screening Report and Recommendation. This action is DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for defendants.

s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge
